**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| TAMI L. CROOKS, | ) CASE NO. 1:12-CV-2876 |
| Plaintiff, | ) JUDGE GWIN |
| v. | ) MAGISTRATE JUDGE |
| | ) VECCHIARELLI |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |

Plaintiff, Tami L. Crooks ("Plaintiff"), challenges the final decision of Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner")[1], denying her applications for Period of Disability ("POD") and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, *et seq.* This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation. For the reasons set forth below, the Magistrate Judge recommends that the Commissioner's final decision be AFFIRMED.

## I. PROCEDURAL HISTORY

On March 4, 2009, Plaintiff filed applications for POD and DIB, alleging a disability onset date of January 2, 2007. (Transcript ("Tr.") 13.) The applications were

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. She is automatically substituted as the defendant in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). (*Id*.) On July 14, 2011, an ALJ held Plaintiff's hearing. (*Id*.) Plaintiff appeared, was represented by an attorney, and testified. (*Id*.) A vocational expert ("VE") also testified. (*Id*.) On July 28, 2011, the ALJ found that Plaintiff was not disabled. (Tr. 22.) On September 26, 2102, the Appeals Counsel declined to review the ALJ's decision, and the ALJ's decision became the Commissioner's final decision. (Tr. 1.)

On November 19, 2012, Plaintiff filed her complaint to challenge the Commissioner's final decision. (Doc. No. 1.) The parties have completed briefing in this case. (Doc. Nos. 13, 14.) Plaintiff argues that the ALJ erred in concluding that she had past relevant work as a receptionist.

## II. EVIDENCE[2]

### A. Personal and Vocational Evidence

Plaintiff was born on August 16, 1960, and was 50 years old on the date of her administrative hearing. (Tr. 31, 78.) In a March 10, 2009 Work History Report, Plaintiff indicated that, in the 15 years prior to becoming unable to work, she had worked as: an administrative assistant for a tax preparation business, from June 2001 until January 2007; a tax preparer, from December 1999 until April 2001; and a company cook, from May 1999 to December 1999. (Tr. 94.) She described her job duties as an

---

[2] The ALJ determined that Plaintiff had the severe impairment of arthritis. (Tr. 15.) Plaintiff does not challenge the ALJ's conclusion regarding her impairments or her residual functional capacity ("RFC"). Rather, Plaintiff argues that the ALJ erred in considering her past relevant work. Accordingly, this Report and Recommendation only discusses the evidence relevant to that claim.

administrative assistant as: "answer phones, set appointments, type, set up databases, set up files, order supplies for office, etc." (Tr. 95.) With respect to her position as a tax preparer, Plaintiff listed: "prepare taxes, be receptionist, print out reports, type, file, etc." (Tr. 97.)

**B.  Hearing Testimony**

At the July 14, 2011 administrative hearing, prior to hearing Plaintiff's testimony, the ALJ asked whether, in advance of the hearing, the VE had received "sufficient vocational data upon which [she could] render a professional opinion," and the VE replied that she had. (Tr. 30.) The VE stated that her testimony would be consistent with the *Dictionary of Occupational Titles* ("DOT"). (*Id.*) The ALJ asked the VE to describe Plaintiff's past relevant work. (Tr. 31.) The VE responded that Plaintiff's past relevant work consisted of work as receptionist (DOT 237.367-038), pantry cook (DOT 317.684-014) and tax preparer (DOT 219.362.070). (Tr. 31.)

**1.  Plaintiff's Testimony**

Plaintiff testified that she had worked as a tax preparer for Jackson Hewitt during tax season after taking a two-month tax preparation course. (Tr. 31-32.) She could not work as an administrative assistant or receptionist because the numbness in her hands made it impossible for her to type at the required speed. (Tr. 32.) According to Plaintiff, she could type 25 words per minute, and most positions required a typing speed of 45 words per minute. (*Id.*)

The ALJ noted that Plaintiff's position at Jackson Hewitt had involved work as a receptionist:

> Q: At some time previously, you were also a receptionist, I believe.
>
> A: That was with the tax preparation. They had no receptionist there. We filled in when we weren't doing someone's taxes.
>
> Q: You served in a couple of roles there both as a receptionist and as a preparer?
>
> A: Correct.

(Tr. 34-35.) Thereafter, Plaintiff left Jackson Hewitt to work with an accountant who operated her own bookkeeping and tax preparation business:

> Q: Did [the accountant] do the majority of interact[ing] with the customers or the client or did you[?]
>
> A: I largely did the talking to them while they were there. I would get the information that she needed, give it to her, she would do the things that needed done. And then they would make an appointment to see her.
>
> Q; All right. So you gathered the information and then subsequently they would mee[t] with the tax preparer. In this case it was her?
>
> A: Yes.
>
> Q: You said you did that for a number of years?
>
> A: Yes.

(Tr. 39.)

### 2. VE Testimony

The ALJ described the following hypothetical person to the VE:

> [S]imilar in age, similar in education, similar in skills who would be able to perform a full range of sedentary work. . . . There should be no frequent arbitration, negotiation or mediation. The work should not be fast paced.

4

(Tr. 40.) The VE opined that the hypothetical individual could perform work as a receptionist, and read the DOT description to the ALJ:

> This is the definition of the DOT number that I just gave. "Receives callers at establishment, determines nature of business and directs callers to destination[.] Obtains caller's name and arranges for an appointment with person called upon. Directs caller to destination and records name, time of call, nature of business, and person called upon. May operate PBX telephone console to receive incoming messages. May type memos, correspondence, reports and other documents. May work in office of medical practitioner or other health care facility and be designated outpatient receptionist[,] doctor's office."

(Tr. 40-41.) Plaintiff's counsel asked the VE what "kind of typing speed is required normally for a receptionist[-]type position," and the VE responded that she was not certain that there was "any general speed" required. (Tr. 42.) The VE agreed to hold the case open in order for the VE to provide him with further information regarding the typing speed generally required for receptionist positions in the relevant geographic area. (Tr. 42-43.)

**C.     Post-Hearing Submissions**

In a July 15, 2011 letter to the ALJ, the VE reported that she had researched the issue of typing speed requirements for receptionist positions. (Tr. 178.) She discovered that, while federal government clerk-typist jobs generally required a typing speed of 40 words per minute, postings for state government administrative assistant positions required certain levels of experience in typing, but did not list a required typing speed. (*Id*.) The VE stated that she had consulted listings for receptionist positions in Plaintiff's geographic area, and had discovered that, of 24 listings, only two had a typing speed requirement – one of 40 words per minute, one of 60 words per minute. (*Id*.)

5

In a July 26, 2011 letter responding to the VE's information, Plaintiff's counsel noted that Plaintiff had never "performed the job of receptionist alone," but, rather, had performed the duties of a receptionist as part of other positions.  (Tr. 204.)  He argued that the position of administrative clerk "more closely describes" Plaintiff's past work experience, and that the "job of [r]eceptionist, in a competitive work environment," would be beyond Plaintiff's capabilities due to her limited typing speed.  (Tr. 204-05.)  Counsel attached copies of job postings for various receptionist and administrative assistant positions, which listed "typing requirements and/or computer skills" that, according to Counsel, "exceed[ed] those possessed by" Plaintiff.  (Tr. 205.)

### III.  STANDARD FOR DISABILITY

A claimant is entitled to receive benefits under the Social Security Act when she establishes disability within the meaning of the Act.  20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524 (6th Cir. 1981).  A claimant is considered disabled when she cannot perform "substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 416.905(a).

The Commissioner reaches a determination as to whether a claimant is disabled by way of a five-stage process.  20 C.F.R. §§ 404.1520(a)(4) *and* 416.920(a)(4); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  First, the claimant must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  20 C.F.R. §§ 404.1520(b) *and* 416.920(b).  Second, the claimant

must show that she suffers from a "severe impairment" in order to warrant a finding of disability. 20 C.F.R. §§ 404.1520(c) and 416.920(c). A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities." *Abbot*, 905 F.2d at 923. Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d). Fourth, if the claimant's impairment does not prevent herfrom doing her past relevant work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(e)-(f) and 416.920(e)-(f). For the fifth and final step, even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1560(c), *and* 416.920(g).

## IV. SUMMARY OF COMMISSIONER'S DECISION

In his July 28, 2011 decision, the ALJ made the following findings of fact and conclusions of law:

1. Plaintiff last met the insured status requirements of the Act on September 30, 2010.

2. Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of January 2, 2007 through her date last insured of September 30, 2010.

3. Through the date last insured, Plaintiff had the severe impairment of arthritis.

4. Through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the

7

>   listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5.   Through the date last insured, Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. 404.1567(a). Plaintiff was further limited to no frequent arbitration, mediation or negotiation. She is limited to no fast-paced work.
>
> 6.   Through the date last insured, Plaintiff was capable of performing past relevant work as a receptionist (DOT # 237.367-038), which was performed at the sedentary exertional level with an SVP of 4. This work did not require the performance of work-related activities precluded by Plaintiff's RFC.
>
> 7.   Plaintiff was not under a disability, as defined in the Act, at any time from January 2, 2007, the alleged onset date, through September 30, 2010, the date last insured.

(Tr. 15-21.)

## V.   LAW & ANALYSIS

### A.   Standard of Review

Judicial review of the Commissioner's decision is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). Review must be based on the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). The court may look into any evidence in the record to determine if the ALJ's decision is supported by substantial evidence, regardless of whether it has actually been cited by the ALJ. *Id.* However, the court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

The Commissioner's conclusions must be affirmed absent a determination that

the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Brainard*, 889 F.2d at 681. A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy*, 594 F.3d at 512.

**B.    Plaintiff's Arguments**

Plaintiff argues that substantial evidence does not support the ALJ's conclusion that Plaintiff could return to her past work as a receptionist, because the record reflects that Plaintiff never actually worked as a receptionist. The Commissioner responds that substantial evidence supports the ALJ's conclusion on this point.

Step four of the sequential analysis requires the ALJ to determine whether an applicant is capable of performing her past relevant work. *See* 20 C.F.R. § 404.1520(e). Where substantial evidence supports the ALJ's conclusion that a claimant could perform her past relevant work, the Commissioner's denial of benefits is proper. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). Here, substantial evidence supports the ALJ's conclusion that Plaintiff's past relevant work included work as a receptionist.

The DOT listing for a receptionist describes the work as follows:

> Receives callers at establishment, determines nature of
> business, and directs callers to destination. Obtains caller's
> name and arranges for appointment with person called
> upon. Directs caller to destination and records name, time

9

>of call, nature of business, and person called upon. May operate PBX telephone console to receive incoming messages. May type memos, correspondence, reports and other documents. May work in office of medical practitioner or in other health care facility and be designated Outpatient Receptionist (medical ser.) or Receptionist, Doctor's Office (medical ser.). May issue visitor's pass when required. May make future appointments and answer inquiries . . . . May perform variety of clerical duties . . . and other duties pertinent to type of establishment. May collect and distribute mail and messages.

(Tr. 212.) In her March 2009 Work History Report, Plaintiff stated that her past work as an administrative assistant involved answering phones, setting up appointments, typing, filing, setting up files, and ordering office supplies. (Tr. 95.) These duties correspond with the duties described in the DOT listing for receptionist. Accordingly, substantial evidence supports the ALJ's conclusion that Plaintiff's past relevant work included work as a receptionist as that position is described in the DOT.

Plaintiff argues that the ALJ "improperly separated the duties of [Plaintiff's] past work as an administrative assistant into two jobs: receptionist and tax preparer" to conclude that Plaintiff "engaged in past relevant work which simply did not exist." (Plaintiff's Brief ("Pl. Br.") at 7-8.) Further, Plaintiff contends that the ALJ should have determined that her past relevant work corresponded to the DOT listing for an administrative clerk, which describes the following duties:

>Complies and maintains records of business transactions and office activities of establishment, performing variety of following or similar clerical duties and utilizing knowledge of systems or procedures: Copies data and compiles records and reports. Tabulates and posts data in record books. Computes wages, taxes, premiums, commissions, and payments. Records orders for merchandise or service. Gives information to and interviews customers, claimants, employees and sales personnel. Receives, counts, and

> pays out cash.  Prepares, issues, and sends out receipts, bills, policies, invoices, statements and checks.  Prepares stock inventory.  Adjusts complaints.  Operates office machines, such as typewriter, adding, calculating, and duplicating machines.  Opens and routes incoming mail, answers correspondence and prepares outgoing mail.  May take dictation.  May greet and assist visitors.  May prepare payroll.  May keep books.  May purchase supplies.  May operate computer terminal to input and retrieve data.  May be designated according to field of activity or according to location of employment as Adjustment Clerk (retail trade, tel. & tel); Airport Clerk (air trans); Colliery Clerk (mine & quarry); Death-Claim Clerk (insurance); Field Clerk (clerical); May be designated Agency Clerk (insurance), Auction Clerk (clerical); Construction-Records Clerk (construction, utilities), Shop Clerk (clerical).

(Tr. 213.)

These arguments lack merit because they presume that Plaintiff's work as an administrative assistant involved only tasks related to the preparation of tax returns.  However, as evidenced by Plaintiff's own written statement regarding her work history, her duties in that position included duties that correspond to the DOT listing upon which the ALJ relied in concluding that Plaintiff could return to her past work.  Thus, the ALJ did not – as Plaintiff contends – create or rely on any nonexistent position in assessing Plaintiff's past work.  Further, even to the extent that the duties of Plaintiff's position as an administrative assistant correspond to the DOT listing for an Administrative Clerk – and the Court is not convinced that they do – this is no basis for remand in this case because substantial evidence supports the ALJ's conclusion that Plaintiff's past work corresponded to the duties of Receptionist.  See *Ealy*, 594 F.3d at 512 ("If the Commissioner's decision is based upon substantial evidence, we must affirm, even if substantial evidence exists in the record supporting a different conclusion.").

Finally, Plaintiff argues that the ALJ erred in accepting the VE's characterization of Plaintiff's past work because the VE offered that characterization prior to hearing Plaintiff's testimony at the administrative hearing.  This argument lacks merit.  At the hearing, the VE testified that, prior to the hearing, she had received "sufficient vocational data upon which [to] render a professional opinion." (Tr. 30.)  The record contained Plaintiff's statement regarding her work history.  Plaintiff points to nothing in her testimony that contradicted or otherwise called into question the accuracy of her prior description of her past work.  Accordingly, substantial evidence supports the ALJ's decision in this case, and Plaintiff is not entitled to remand.

## VI.    CONCLUSION

For the foregoing reasons, the Magistrate Judge recommends that the Commissioner's final decision be AFFIRMED.

s/ <i>Nancy A. Vecchiarelli</i><br>U.S. Magistrate Judge

Date: May 31, 2013

## OBJECTIONS
**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**